### No. 1278.

### Don Louis Jean Louis et al. vs. Therence Giroir et als.

In a petitory action the description of the lands in suit, by sections and townships in reference to United States surveys, is sufficient.  That is certain which can be made certain

A petition charging that the defendants are in joint possession of the lands in suit, is not amenable to the objection that it does not charge what portion of the several tracts sued for is in the separate possession of any of the defendants.

APPEAL from the Twenty-fifth District Court, Parish of Lafayette. *Bourges*, judge *ad hoc*.

*Felix Voorhies* and *E. Sinson* for Plaintiffs and Appellants.

*M. E. Girard* for Defendants and Appellees.

---

The opinion of the Court was delivered by

Poché, J.  Plaintiffs, in a petitory action, prosecute this appeal from a judgment maintaining an exception that their petition is too vague and indefinite to put the defendants, thirteen in number, on their several defenses, in failing to allege what portion of the two tracts of land sued for was claimed from each or any of the defendants.

The trial judge held that the description of the lands was insufficient, and that the petition was defective for the additional reason that it failed to allege what definite portion of the land was occupied by each or any of the defendants.

The insufficiency of the description of the lands had not been specifically set up by the defendants, and in our opinion the judge committed a double error in resting his judgment thereon.  The defendants had not complained of the description.  But in point of fact the de-

scription is sufficient. The lands are described as: "Sections 93 and 94, in township 10 south, range 5 east, southwestern district of Louisiana, situated in the parish of Lafayette."

By consulting the United States surveys the lands may be accurately located, and a greater precision is not required in a petitory action. That is certain which can be rendered certain. Lea vs. Terry, 15 Ann. 160.

As we read the petition, we understand that the defendants are sued jointly and that they are charged to be illegally in joint possession of the two tracts of land which are contiguous. If such be the charge intended to be made by plaintiffs, they surely could not be required to state otherwise or differently.

It may be, as suggested by defendants' counsel, that their possession is several and not joint. But that defense cannot be considered in determining the alleged insufficiency and vagueness of plaintiffs' pleadings.

That ground is contained in another exception which defendants have interposed, but as that and other exceptions were not passed upon by the trial judge we are powerless to review them in the present appeal. In due time they may claim our attention. Harris vs. Pickett, 37 Ann. 747. We are limited to the disposition of the matters only which are brought up in each appeal.

To the extent of our examination we conclude that the views of the district judge are erroneous.

It is therefore ordered that the judgment appealed from be annulled, avoided and reversed; that the exception maintained be overruled, and that the case be remanded for further proceedings, costs of this appeal to be taxed to defendants and appellees, other costs to abide the final determination of the cause.